## UBERT v. SCHONGER et al.

(Supreme Court, Appellate Division, Second Department.　May 26, 1911.)

1. PLEADING (§ 248*)—COMPLAINT—AMENDMENT—CAUSE OF ACTION.

Plaintiff alleged that defendants purchased a drug business on which he had a chattel mortgage for a thousand dollars including the property covered, assuming the mortgage debt as a part of the price on condition that plaintiff would extend the time of payment, which plaintiff did, and that defendants entered into possession, and, after leading plaintiff to believe that additional security would be given, defendants waited until plaintiff's mortgage ceased to be a lien and then repudiated their agreement. *Held*, that a proposed amendment of the complaint, alleging an express agreement by defendants to pay the debt, did not set up a new cause of action.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 248.*]

2. FRAUDS, STATUTE OF (§ 23*)—ORIGINAL PROMISE—"PROMISE TO ANSWER FOR THE DEBT OF ANOTHER."

Where defendants agreed to pay a mortgage indebtedness on a drug store as a part of the consideration for the purchase of the stock and business, such agreement was an original undertaking, and not a "promise to answer for the debt of another," within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 23.*

For other definitions, see Words and Phrases, vol. 6, p. 5676.]

3. EVIDENCE (§ 443*)—PAROL EVIDENCE—WRITTEN CONTRACT—COLLATERAL AGREEMENT.

Where defendants agreed to purchase a drug store and business on condition that plaintiff, a chattel mortgagee, would extend the time of payment of a debt secured by a mortgage on the stock, which defendants assumed as a part of the consideration for the purchase, defendants' promise to pay such debt was collateral to and independent of the extension agreement, and could therefore be established by parol.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 443.*]

Appeal from Trial Term, Kings County.

Action by Harvey J. Ubert against Adolph H. Schonger and another.　Judgment for defendants, and plaintiff appeals.　Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Charles P. Rogers (Oliver C. Carpenter, on the brief), for appellant. George M. S. Schulz, for respondents.

RICH, J.　It appears that in February, 1906, the defendants became the owners by purchase of the stock of goods and fixtures in the drug store at No. 14 Harrison avenue, Brooklyn, upon which the plaintiff had a lien under a chattel mortgage upon which there was unpaid the sum of $1,000.　There can be no doubt but that the defendants knew of the existence of this mortgage and expected to pay it as part of the purchase price of the business.　After obtaining an extension of time for payment from the plaintiff, and leading him to feel secure in the belief that they would give him new and additional security, they waited until the mortgage ceased to be a lien upon the property and then repudiated their agreement.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The complaint alleged, among other things, that:

"On or about the 9th day of February, 1906, the defendants herein purchased from Julius C. Ubert and Judson T. Smith, the drug business theretofore carried on by them at No. 14 Harrison avenue, borough of Brooklyn, New York City, including the property covered by the chattel mortgage aforesaid, for the sum of $4,200, payable as follows:  $3,200 in cash and the balance of $1,000 by assuming the obligation of $1,000, payable to the plaintiff herein with interest, and taking the said property subject to the aforesaid chattel mortgage, on condition, nevertheless, that the plaintiff herein, in consideration of said assumption of payment by defendants, would extend the time of the payment of said loan and mortgage and interest thereon to the 1st day of May, 1908, which said condition and consideration was accepted by this plaintiff, and the defendants entered into the possession of said business and property."

It failed to allege an express promise to pay by the defendants, and the evidence relating to such a promise was stricken out. The plaintiff moved to amend by alleging a promise to pay, and the exception to the ruling denying this motion presents reversible error. The proposed amendment did not set up a new cause of action and ought in the interest of justice to have been allowed. With a proper pleading the evidence relating to defendants' promise would have been competent.

[2] It was not a promise to answer for the debt of another, but a separate and independent agreement to pay plaintiff the amount of his lien as a part of the consideration they were to pay for the business.

[3] The agreement was collateral to and independent of the extension agreement, and, as was said by Judge Chase in Lese v. Lamprecht, 196 N. Y. 32, 89 N. E. 365:

"Contracts are frequently made that are collateral to, but independent of, a written contract, and they can be properly established by oral testimony. Evidence of such contracts is sometimes referred to as an exception to said general rule. It is more accurate to say that collateral and independent contracts can be shown by oral testimony because it was not the intention of the parties thereto to include such contracts in the writing. Collateral contracts are thus frequently established by oral testimony."

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.